

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

HATTIESBURG DIVISION

MARY DANDRIDGE, MOTHER AND NEXT
FRIEND, AND ON BEHALF OF ALL
WRONGFUL DEATH BENEFICIARIES OF
TRENIS READUS, DECEASED                                    PLAINTIFFS

VS.                                          CAUSE NO. 2:08CV229 KS-MTP

STATE OF MISSISSIPPI, by and through the
Office of the Attorney General, MISSISSIPPI
DEPARTMENT OF CORRECTIONS and its employees,
JOHN AND JANE DOE(s), 1-50, in their official and
individual capacity, by and through the State of Mississippi,
SOUTH MISSISSIPPI CORRECTIONAL
INSTITUTION and its employees, JOHN AND JANE
DOE(s), 1-50, in their official and individual capacity,
COMMISSIONER CHISTOPHER EPPS, in his official and individual
Capacity, and his employees, JOHN AND JANE DOE(s), 1-50
SUPERINTENDENT RON KING, in his official and individual
Capacity, and his employees, JOHN AND JANE DOE(s), 1-50,
JOHNNIE DENMARK (SMCI II-LOCKDOWN),
officially and in his individual capacity, JAMES BREWER (SMCI II-
Buildings A, B, C, D, E, Lockdown, South Mississippi Medical Services),
officially and in his individual capacity, JOE ERRINGTON
(SMCI III - Deputy Warden, Central Security, Emergency Response
Team), officially and in his individual capacity, CORRECTIONS
OFFICERS JOHN AND/OR JANE DOE(S) 1-50, officially and in their
individual capacities, CORRECTIONS OFFICERS JOHN AND/OR
JANE DOE(S), FURTHER IDENTIFIED AS UNIDENTIFIED WHITE MALE,
OFFICER "K-9", UNIDENTIFIED AFRICAN AMERICAN FEMALE
"LT. BROWN, AFRICAN AMERICAN FEMALE OFFICER,
"LT. BARBARA DIXON, "UNIDENTIFIED WHITE MALE
TRANSPORT OFFICER "POLITE," "UNKNOWN WHITE FEMALE
TRANSPORT OFFICER, UNIDENTIFIED AFRICAN AMERICAN OFFICER
" SCULLY," UNIDENTIFIED OFFICER "KEYS," JESSE SMITH,
DIRECTOR FOR THE OFFICE OF HUMAN SERVICES and her
employees, JOHN OR JANE DOE(S), officially and in her/their
official and individual capacities; Unidentified Director of the
Mississippi Department of Corrections-

1

CORRECTIONS INVESTIGATION UNIT assigned to SMCI and
his/her employees, JOHN OR JANE DOE(S), officially and in
her/their official and individual capacities; CHIEF MEDICAL OFFICER
KENTRELL LIDDELL, M.D., and her employees, DR. JOHN OR JANE DOE(S) A-Z,
officially and in her/their official and individual capacities, WEXFORD
HEALTH SOURCES, INC. OF PITTSBURGH, PENNSYLVANIA and its
employee(s), JOHN OR JANE DOE(S), A-Z, officially and in their individual
capacities; AMERICAN CORRECTIONAL ASSOCIATION, (ACA); and its employee(s)
JOHN AND/OR JANE DOE(S), A-Z.

                                                    DEFENDANTS


                              COMPLAINT
                          Trial by Jury Requested


        COMES NOW the Plaintiffs, MARY DANDRIDGE, Individually and on behalf of all

Wrongful Death Beneficiaries and on behalf of the Estate of Trenis Readus, Deceased and files

this her complaint against the Defendants, STATE OF MISSISSIPPI, by and through the

Office of the Attorney General, MISSISSIPPI DEPARTMENT OF CORRECTIONS and its

employees, JOHN AND JANE DOE(s), 1-50, in their official and individual capacity, by and

through the Office of the Attorney General, SOUTH MISSISSIPPI CORRECTIONAL

INSTITUTION and its employees, JOHN AND JANE DOE(s), 1-50, in their official and

individual capacity, SUPERINTENDENT RON KING, in his official and individual

Capacity, and his employees, JOHN AND JANE DOE(s), 1-50, JOHNNIE DENMARK (SMCI II-

LOCKDOWN), officially and in his individual capacity, JAMES BREWER (SMCI III-

Buildings A, B, C, D, E, Lockdown, South Mississippi Medical Services), officially and in his

individual capacity, JOE ERRINGTON (SMCI III - Deputy Warden, Central Security,

Emergency Response Team), officially and in his individual capacity, CORRECTIONS

OFFICERS JOHN AND/OR JANE DOE(S), officially and in their individual capacities,

CORRECTIONS OFFICERS JOHN AND/OR JANE DOE(S), FURTHER IDENTIFIED AS

UNIDENTIFIED WHITE MALE, OFFICER "K-9", UNIDENTIFIED AFRICAN AMERICAN FEMALE

                                         2

"LT. BROWN, AFRICAN AMERICAN FEMALE OFFICER, "LT. BARBARA DIXON, " UNIDENTIFIED WHITE MALE TRANSPORT OFFICER "POLITE, " "UNKNOWN WHITE FEMALE TRANSPORT OFFICER, UNIDENTIFIED AFRICAN AMERICAN OFFICER " SCULLY," UNIDENTIFIED OFFICER "KEYS," JESSE SMITH, DIRECTOR FOR THE OFFICE OF HUMAN SERVICES and her employees, JOHN OR JANE DOE(S), officially and in her/their official and individual capacities; Unidentified Director of the Mississippi Department of Corrections-CORRECTIONS INVESTIGATION UNIT assigned to SMCI and his/her employees, JOHN OR JANE DOE(S), officially and in her/their official and individual capacities, CHIEF MEDICAL OFFICER KENTRELL LIDDELL, M.D., and her employees, DR. JOHN OR JANE DOE(S), officially and in her/their official and individual capacities, WEXFORD HEALTH SOURCES, INC. OF PITTSBURGH, PENNSYLVANIA and its employee(s), JOHN OR JANE DOE(S), A-Z, officially and in their individual capacities; AMERICAN CORRECTIONAL ASSOCIATION, ACA, and its employee(s), JOHN OR JANE DOE(S), A-Z, officially and in their individual capacities (hereinafter "The Defendants, Et al.") and in support thereof would respectively show unto the Court the following facts to-wit:

## PRELIMINARY STATEMENT

### 1.

This is a Federal Civil Rights action brought as a result of what the Plaintiff believes and witnesses have corroborated as a blatant violation of, *inter alia*, the federal human, civil and constitutional rights of the Deceased, Trenis Readus, who while incarcerated at the South Mississippi Correctional Institution (hereinafter referred to as "SMCI") on the 20th day of November, 2007, as a result of fatal injuries at the hands of certain Correctional Officers, Medical Staff, Medical Director and/or others. As a proximate consequence of said injuries, the Deceased, Trenis Readus, was transported to Forrest General Hospital in Hattiesburg, Mississippi, where he died. An autopsy was preformed by Dr. Clyde Gilley, who concluded

that Trenis Readus died instantaneously of a cerebrovascular injury of the cerebellar hemisphere. It is alleged that the Deceased rights under certain federal statutes, to include 42 U.S.C. Sections 1983, 1985 and 1986, together with certain rights under the Constitution of the United States of America and Mississippi were violated. The Deceased, Trenis Readus, is survived by parent MARY DANDRIDGE, and six (6) brothers, and two (2) sisters. It is on behalf of the wrongful death beneficiaries that MARY DANDRIDGE, Mother of the Deceased, Trenis Readus, files this her action and prays for the relief set forth in the following paragraphs.

<u>PARTIES</u>

2.

That Plaintiff is MARY DANDRIDGE, individually and on behalf of all the wrongful death beneficiaries of Trenis Readus, Deceased. The suit is brought by Mary Dandridge, Mother of the Deceased, Trenis Readus. At the time of his death, the Deceased, Trenis Readus, was a citizen of the United States of America and the State of Mississippi wherein he resided in Greene County, Nineteenth Judicial District. The injuries inflicted on the Deceased, Trenis Readus, were done so while he was being held in the South Mississippi Correctional Institution (hereinafter "SMCI") in Leakesville, Mississippi, while the Institution was under the supervision and control of the following Defendants: the Mississippi Department of Corrections and its Superintendent, Ron King. The Deceased was incarcerated therein for a period of six (6) months next preceding the commencement of this action.

3.

The Defendant, the State of Mississippi, by and through the Office of the Attorney General, is a state of the United States of America and is the entity responsible for the creation, maintenance, funding and oversight of the Mississippi Department of Corrections. At all times relevant thereto, the State of Mississippi, is vicariously liable for the omissions or commissions of the Mississippi Department of Corrections and/or any employee(s), as the

4

same related to injuries and death of Trenis Readus. The Defendant may be served with process by affecting the same upon the Attorney General for the State of Mississippi in Jackson, Mississippi.

4.

The Defendant, the Mississippi Department of Corrections and its employees, JOHN AND JANE DOE(s), 1-50, in their official and individual capacity, by and through the State of Mississippi, is a political subdivision of the State of Mississippi and is the entity responsible for the maintenance, funding and employment of the South Mississippi Correctional Institution ("SMCI"). At all times relevant thereto, the Mississippi Department of Corrections, is vicariously liable for the omissions or commissions of the any and all employee(s), as the same related to injuries and death of Trenis Readus. The Defendant may be served with process by affecting the same upon the Commissioner of Mississippi Department of Corrections in Jackson Mississippi.

5.

The Defendant, Christopher Epps, Commissioner of the Mississippi Department of Corrections and his employees, in his official and individual capacity, by and through the Mississippi Department of Corrections. At all times material hereto, the Defendant was the duly appointed Commissioner of the Mississippi Department of Corrections ("MDOC") and vested with the responsibility and authority to supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the inmates under the purview of the Mississippi Department of Corrections, including the Deceased, Trenis Readus. The Defendant is sued in his official and individual capacities. He may be served with lawful process at the Central Office located at 723 North President Street, Jackson, Mississippi.

6.

The Defendant, Ron King, Superintendent of SMCI and his employees, JOHN AND JANE DOE(s), 1-50, in his official and individual capacity, by and through the Mississippi Department of Corrections, is the superintendent of the South Mississippi Correctional Facility.  At all times material hereto, the Defendant was the duly appointed superintendent of the of the South Mississippi Correctional Institution ("SMCI"), vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the inmates housed therein, including the Deceased, Trenis Readus.  The Defendant is sued in his official and individual capacities. He may be served with lawful process at the South Mississippi Correctional Institution located in Leakesville, Mississippi.

7.

The Defendant, Johnnie Denmark, Warden of Buildings A, B, C, D, E, Lockdown, Law Library, A & D Program, and South Mississippi Medical Services of SMCI and his employees, JOHN AND JANE DOE(s), 1-50, in his official and individual capacity, by and through the South Mississippi Correctional Institution.  At all times material hereto, the Defendant was the duly appointed Warden of Area II of the South Mississippi Correctional Institution ("SMCI") where the Deceased, Trenis Readus, resided and is vested with the responsibility and authority to supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the inmates housed therein, including the Deceased, Trenis Readus.  The Defendant is sued in his official and individual capacities. He may be served with lawful process at the South Mississippi Correctional Institution located in Leakesville, Mississippi.

8.

The Defendant, Joe Errington, Deputy Warden of Central Security, the Emergency Response Team, K-9 Unit, Common Labor, Transportation, Central Kitchen, Post Office, Laundry, Recreation Departments, and Armory of SMCI and his employees, JOHN AND JANE DOE(s), 1-50, in his official and individual capacity, by and through the South Mississippi Correctional Institution. At all times material hereto, the Defendant was the duly appointed Warden of Area III of the South Mississippi Correctional Institution ("SMCI") where the Deceased, Trenis Readus, resided and is vested with the responsibility and authority to supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the inmates housed therein, including the Deceased, Trenis Readus. The Defendant is sued in his official and individual capacities. He may be served with lawful process at the South Mississippi Correctional Institution located in Leakesville, Mississippi.

9.

The Defendants, Officers John and/or Jane Does, 1-50, in their official and individual capacities, by and through the South Mississippi Correctional Institution, further identified as follows: Unidentified white male known as  "Officer "K-9", Unidentified African American female officer known as "Lt. Brown", Unidentified African American female officer, Identified African American female officer known as "Lt. Barbara Dixon", Unidentified white male transfer officer known as "Polite",   Unidentified white female transfer officer, Unidentified African American officer "Scully". And unidentified officer "Keys".  At all times material hereto, the Defendants were the duly appointed Correctional Officers of the South Mississippi Correctional Institution ("SMCI") where the Deceased, Trenis Readus, resided and were vested with the responsibility and authority to supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide supervision and

7

protection to the inmates housed therein, including the Deceased, Trenis Readus. All of the above named officers also participated and/or witnessed the attack on the Deceased, Trenis Readus, and/or have material information as to his physical and medical condition upon arrival to the prison infirmary, the condition of his body upon transport to and from Greene County Hospital, and the condition of his body to and from transport to Forrest General Hospital. The Defendants are sued in their official and individual capacities. They may be served with lawful process at the South Mississippi Correctional Institution located in Leakesville, Mississippi or by and through the Superintendent of the same.

10.

The Defendant, Jesse Smith, Director of Human Resources, of SMCI and her/his employees, JOHN AND JANE DOE(s), 1-50, in his/her official and individual capacity, by and through the South Mississippi Correctional Institution. At all times material hereto, the Defendant was the duly appointed Director of Human Services of the South Mississippi Correctional Institution ("SMCI") where the Deceased, Trenis Readus, resided and is vested with the responsibility for coordinating activities that directly impact the employee(s) of SMCI on both a personal and a professional basis. Such activities include the employee benefit program, the performance appraisal system, the grievance process, employee discipline, workers compensation, and related services and include the authority to supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the inmates housed therein, including the Deceased, Trenis Readus. The Defendants are sued in their official and individual capacities. They may be served with lawful process at the Central Office for the Mississippi Department of Corrections at 723 North Capital Street, Jackson, Mississippi.

11.

The Defendant, Unidentified Jane/John Doe, Director of Corrections Investigation Division, of The Mississippi Department of Corrections assigned to SMCI and her/his employees, JOHN AND JANE DOE(s), 1-50, in his/her official and individual capacity, by and through the South Mississippi Correctional Institution. At all times material hereto, the Defendant was the duly appointed Director of Criminal Investigation Division of the Mississippi Department of Corrections assigned to the South Mississippi Correctional Institution ("SMCI") where the Deceased, Trenis Readus, resided and is vested with the responsibility for allegations of mistreatment of offenders, assaults (aggravated, simple, and sexual), and employee background checks and also includes the authority to supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the inmates housed therein, including the Deceased, Trenis Readus. The Defendants are sued in their official and individual capacities. They may be served with lawful process at the Central Office for the Mississippi Department of Corrections at 723 North Capital Street, Jackson, Mississippi.

12.

CHIEF MEDICAL OFFICER KENTRELL LIDDELL, M.D., and her employees, DR. JOHN OR JANE DOE(S), officially and in her/their official and individual capacities, and her/his employees, JOHN AND JANE DOE(s), 1-50, in his/her official and individual capacity, by and through the South Mississippi Correctional Institution. At all times material hereto, the Defendant was the duly appointed Director of Medical Services employed by the Mississippi Department of Corrections assigned to the South Mississippi Correctional Institution ("SMCI") where the Deceased, Trenis Readus, resided and is vested with the responsibility for treating all inmates housed therein and supervising all medical personnel and staff employed therein on behalf of all offenders, including victims of assaults (aggravated, simple, and sexual) and

medical employee background checks and also includes the authority to supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the inmates housed therein who seek medical treatment, including the Deceased, Trenis Readus. The Defendants are sued in their official and individual capacities. They may be served with lawful process at the Central Office for the Mississippi Department of Corrections at 723 North Capital Street, Jackson, Mississippi.

13.

The Defendant, WEXFORD HEALTH SOURCES, INC. OF PITTSBURGH, PENNSYLVANIA and its employee(s), JOHN OR JANE DOE(S), A-Z, officially and in their individual capacities, the same being contracted by the Mississippi Department of Corrections assigned to SMCI and their employees, JOHN AND JANE DOE(s), 1-50, in their official and individual capacity, by and through the South Mississippi Correctional Institution. At all times material hereto, the Defendant was the contracted medical provider retained to provide medical services or assistance to detainees at the South Mississippi Correctional Institution ("SMCI") where the Deceased, Trenis Readus, resided and is vested with the responsibility for medical care to said detainees in the event of assaults (Aggravated, Simple, and Sexual) and medical employee background checks and also includes the authority to supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide adequate medical care to the inmates housed therein, including the Deceased, Trenis Readus. The Defendants are sued in their official and individual capacities. They may be served with lawful process at the Central Office for the Mississippi Department of Corrections at 723 North Capital Street, Jackson, Mississippi and through their registered agent, Corporation Service Company, for service of process at 506 South President Street, Jackson, Mississippi 39200.

10

14.

AMERICAN CORRECTIONAL ASSOCIATION, (ACA), is a national private non-profit 501(2)(3) organization, formed under the laws of the State of New York, with its main office located at the address of 206 North Washington Street, Ste. 200, Alexandria, VA, 22314. ACA is a corrections association and believed to be one of the largest in the United States. The ACA, upon specific request, evaluates prisons, jails and related detention and correctional facilities to asses those facilities in accordance with "national standards" and other self-determined peneological criteria to determine if a facility meets and/or complies with recognized standards involving all aspects of the operations, conditions, and treatment of persons incarcerated therein. With this evaluation, the ACA has the authority to issue an accreditation to the facility indicating that the evaluated facility meets and/or complies with the "standards" set by the ACA. For this evaluation, the ACA received a fee and the ACA evaluated the South Mississippi Regional Correctional Facility prior to the death of the inmate, Trenis Readus, and issued an accreditation to the facility indicating that to the citizens of Mississippi and the general public that SMCI complied with the "standards" set for accreditation. The ACA may be served with lawful process upon its President or other duly authorized corporate officer at the address of 206 North Washington Street, Ste. 200, Alexandria, VA, 22314.

15.

Defendants, Jane and/or John Does 1-50, at all times relevant to this Complaint, were appointed and employed by the AMERICAN CORRECTIONAL ASSOCIATION, (ACA), as auditors to inspect and/or evaluate the South Mississippi Correction Institution to determine if it was in compliance with applicable "Mandatory Standards" per the accreditation contract with ACA. Defendants, John and/or Jane Does, determined that SMCI was in compliance.

## STATEMENT OF THE FACTS

### 16.

For a period of time prior to the death of the Trenis Readus, arrested individuals were subjected to unnecessary and unreasonable acts of violence at the hands of various South Mississippi Correctional Institution Officers. The abuse, for the most part, was directed and exploded upon those who failed to obey, in the exact manner, orders, customs, and/or procedures of the institution, whether known or unknown to the detainees while in the custody and control of the South Mississippi Correctional Institution Officers. Additionally, these acts of violence were also meted out against individuals who irritated or annoyed the Corrections Officers on duty or who the Officers simply wanted to teach a lesson for one reason or another. Such abusive conduct is believed to have taken place against all races and injuries have included many black eyes, broken bones, injured muscles, concussions, and psychological damage beyond description and death.

### 17.

On or about June 20, 2003, the Deceased, Trenis Readus, was placed in the custody, control, and/or supervision of the South Mississippi Correctional Institution Officers on two counts of an armed robbery conviction. During late October 2007, the Deceased, Trenis Readus, sustained injuries causing him to receive treatment at said facility; thereafter, the Deceased, Trenis Readus, was transported to Greene County Hospital in Leakesville, Mississippi was thereafter flown to Forrest General Hospital in Hattiesburg, Mississippi, for treatment of the injuries sustained at the hands of the South Mississippi Correctional Institution Officers and/or others.

### 18.

That during said hospitalization, Chief Medical Officer, Kentrell Liddell, M.D., refused to allow said hospital to undertake life saving measures, which refusal resulted in the death of said Trenis Readus.

## JURISDICTION

### 19.

The Plaintiff herein invokes the federal question jurisdiction of this Honorable Court pursuant to 28 U.S.C. Sections 1331 & 1343 to obtain a judgment for the costs of suit, including reasonable attorneys' fees, and damages suffered and sustained by the Deceased, Trenis Readus, and caused by the Defendants' blatant violation of the rights, privileges, and immunities of the Deceased, Trenis Readus, as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the Untied States of America and by the applicable Federal statues, more particularly, 42 U.S.C. Sections 1983, 1985(3), 1986 & 1988. Additionally, this Honorable Court has jurisdiction to adjudicate the pendent or supplemental state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiff's action for declaratory and injunctive relief is authorized pursuant to 28 U.S.C. Sections 2201 & 2202.

## VENUE

### 20.

Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. Section 139(b) because a substantial part of the real and immediate harm sustained by the Plaintiffs occurred in this judicial district and division.

## COUNT 1

### ACTION FOR DEPRIVATION OF CIVIL RIGHTS

### (42 U.S.C. SECTION 1983)

### 21.

The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

22.

At all times material hereto, the Defendants, were vested with the state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the Unites States of America and the State of Mississippi. Consequently, while acting under color of state law, the Defendants commenced to implement a policy, custom, usage or proactive wherein the rights, privileges or immunities of the deceased, Trenis Readus, were violated. Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of the Deceased's right to the equal protection of the laws of the Unties States of America, the Fourteenth Amendment to the Constitution of the Untied States of America and the corresponding provisions of the Constitution of the State of Mississippi, the right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the Unties States of American, and the right against cruel and unusual punishment pursuant to the Eighth Amendment to the Constitution of the Unties States of America. The violations complained of in this Complaint include, but are not limited to, the use of excessive force, beating, deprivation of identifiable civil rights, i.e., liberty and/or property, the unnecessary and wanton infliction of pain in light of the circumstances confronted by the Defendants resulting in a deprivation that was sufficiently serious wherein they acted maliciously and sadistically by using excessive force and physical violence designed and intended to cause the Deceased, Trenis Readus, physical, mental and emotional harm, pain, humiliation and/or injury.

23.

As a direct and proximate consequence of the Defendants' actions, the Deceased, Trenis Readus, was deprived of certain rights, privileges and immunities secured by the Constitution of the Untied States of America, the laws of this Nation and the State of Mississippi. Specifically, Trenis Readus Fifth and Fourteenth Amendment rights to procedural and substantive due

process and equal protection of the laws were violated by the Defendants, together with his Eighth Amendment right against cruel and unusual punishment.

24.

At all times material hereto, the Defendants, including, and/or John and Jane Does A-Z, and their agents, representatives, and employees acted pursuant to the policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of the Defendants.

25.

It is further averred that the Defendants, including John and/or Jane Does A-Z, were the governmental officials whose edicts or acts may fairly be said to represent official policy, practices, customs or regulations of the Defendants, Mississippi Department of Corrections and the South Mississippi Correctional Institution. The aforementioned Defendants collectively and individually developed, planned and implemented the policy, custom and/or usage that resulted in and caused the injuries and death of the Deceased, Trenis Readus.

26.

As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived the Deceased, Trenis Readus, of certain rights guaranteed by the Constitution of the United States of America, the Deceased, Trenis Readus, suffered immediate and irreparable injury to his person resulting in the deprivation of his constitutional rights, privileges and immunities and ultimately causing his wrongful death. However, while alive and being beaten by the employees/agents of the South Mississippi Correctional Institute and/or others including John and/or Jane Does A-Z, the Deceased, Trenis Readus, experienced extreme pain and suffering humiliation, degradation, emotional distress and severe mental anguish.

15

## COUNT II

## ACTION FOR CONSPIRACT TO INTEREFERE WITH CIVIL RIGHTS

## (42 U.S.C. SECTION 1985)

### 27.

The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

### 28.

During late October 2007, the Deceased, Trenis Readus, engaged in a verbal argument with the Defendants, South Mississippi Correctional Institution Officers and/or John and/or Jane Does, A-Z. The Defendants, South Mississippi Correctional Institution Officers, planned on simply teaching the Deceased, Trenis Readus, a lesson and caused the Deceased, Trenis Readus, to suffer and endure a great deal of pain by assaulting him after dragging him from his cell. This plan culminated in the completion of the agreement and deprivation of the Deceased's, Trenis Readus, constitutional rights when the Deceased, Trenis Readus, was caused to sustain injuries from which he later died as a direct and proximate consequence of said injuries he sustained while in the custody of the Defendants.

### 29.

There existed at the South Mississippi Correctional Institution a belief, practice, usage and/or custom that it was perfectly fine to beat and/or abuse detainees. When the Defendants began violating the Deceased's Trenis Readus, constitutional rights by utilizing excessive force, beating and abusing him, and/or not intervening to stop the beating and abuse of him, and/or to report the same, likewise became co-conspirators, aiders and abetters and/or accomplices to the deprivation of the Deceased's Trenis Readus, civil, constitutional and human rights and they are likewise liable for their acts of omission.

30.

Furthermore, the conspiracy to interfere with the Deceased's Trenis Readus, civil rights manifested itself in the preparation of several false reports prepared by the Defendants, State of Mississippi, Mississippi Department of Corrections, South Mississippi Correctional Institution, Commissioner Christopher Epps, Chief Medical Officer Kentrell Liddell, M.D., and Wexford Health Sources, Inc. This was further evidenced when the autopsy report concluded that the Deceased, Trenis Readus, showed no signs of trauma and died of natural causes. This report was false. This information was disseminated in a further attempt to cover up the atrocious conduct of the Defendants.

31.

The conspiracy to deprive the Deceased, Trenis Readus, of certain federally protected rights, privileges and immunities began with a basic agreement among the Defendants. It concluded with acts of cover-up, lies and the preparation of false reports. It is clear from the facts set forth above that the Defendants willfully and maliciously agreed and conspired to engage in a course of conduct that resulted in a blatant violation of the Deceased's, Trenis Readus, constitutional rights through their acts of omission and commission. As a direct and proximate consequence of the Defendants' actions on the date in question, the Deceased, Trenis Readus, was caused to suffer severe injuries and die. Thus, the Defendants are jointly and severally liable to the Plaintiff for the injuries, pain, suffering, and resulting death of the Deceased, Trenis Readus.

## COUNT 111

### ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY

### (42 U.S.C. SECTION 1986)

32.

The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

17

33.

The Defendants, Mississippi Department of Corrections, South Mississippi Correctional Institution, Commissioner Christopher Epps, Superintendent Ron King, Deputy Warden Joe Errington, Wexford Health Sources, Inc., and/or John or Jane Does, A-Z, knew or reasonable should have known, prior to the death of the Deceased, Trenis Readus, and the implementation of the conspiracy to deprive him of his federally protected rights, that such activity regularly took place in the South Mississippi Correctional Institution. There had been previous incidents of abuse and allegations of unnecessary use of excessive force reported by the South Mississippi Correctional Institution to the American Correctional Association (ACA) when it sought accreditation from the Defendant. However, neither Commissioner Christopher Epps, Superintendent Ron King, Deputy Warden Joe Errington, the members of Wexford Health Sources, Inc., nor anyone else in a position of authority at South Mississippi Correctional Institution did anything to thwart the conspiracy that deprived the Decedent of his constitutional rights. Had these Defendants intervened, the deceased, Trenis Readus, would still be alive today.

34.

The Defendants, including Commissioner Christopher Epps, Superintendent Ron King, Deputy Warden Joe Errington, Johnnie Denmark, James Brewer, and unidentified employees of Wexford Health Sources, Inc. and/or John and/or Jane Does, A-Z, in their individual and official capacities, either intentionally or through their own negligence, failed to expose, prevent or otherwise thwart the conspiracy to deprive the Deceased, Trenis Readus, and other persons similarly situated, of the equal protections of the laws of this Nation and State notwithstanding the fact that they possessed the authority, power, and ability to halt, annul, void, expose, intervene in or stop the violations before they occurred. Consequently, these Defendants are liable for Trenis Readus' death and the deprivations that occurred prior thereto.

## COUNT IV

## FAILURE TO ADEQUATELY TRAIN & SUPERVISE DEPUTIES

### 35.

The Plaintiff hereby incorporates be reference and re-alleges the information set forth in the foregoing paragraphs.

### 36.

The Defendants, State of Mississippi, Mississippi Department of Corrections, South Mississippi Correctional Institution, Commissioner Christopher Epps, Superintendent Ron King, Deputy Warden Joe Errington, Office of Human Services Director Jesse Smith, failed to provide adequate and competent training and/or supervision to the Defendant deputies working in and around South Mississippi Correctional Institution on the date in question. The aforementioned Defendants are, and at the time of Trenis Readus' death were, tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs that were to be carried out at the South Mississippi Correctional Institution by the Deputies employed there.

### 37.

As a direct and proximate consequence of the aforementioned Defendants' failure to properly develop, implement and otherwise devise a policy of adequate police training and/or supervision for its Deputies, the Deceased, Trenis Readus, was deprived of certain constitutional rights, privileges and immunities which, if properly trained and supervised, every Deputy within the employ of the South Mississippi Correctional Institution, would have known of the illegality of the Defendants' conduct on the date in question and Trenis Readus' injuries and death and the corresponding deprivation of his civil rights, privileges and immunities would not have happened.

38.

Failure to provide adequate training and supervision was so grossly negligent that it amounted to a deliberate indifference and blatant disregard for the rights, privileges and immunities of the Deceased, Trenis Readus, and other person or persons similarly situated. Thus, because the Defendants failed to adequately train and supervise its Deputies, the aforementioned Defendants are liable for Trenis Readus' injuries and death and the deprivation of civil rights associated therewith.

<u>COUNT V</u>

<u>NEGLIGENT HIRING, RETENTION AND FAILURE</u>

<u>TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION</u>

39.

The Plaintiff hereby incorporated by reference and re-alleges the information set forth in the foregoing paragraphs.

40.

The Defendants, Mississippi Department of Corrections, South Mississippi Correctional Institution, Commissioner Christopher Epps, Superintendent Ron King, and Deputy Warden Joe Errington, were vested with the authority to hire fire and discipline employees of the South Mississippi Correctional Institution. Furthermore, the Defendants were vested with the authority to adopt, develop and implement policies, procedures and practices to prevent Deputies from being hired at the South Mississippi Correctional Institution.

41.

Furthermore, on information and belief, the Plaintiff will show that there have been numerous complaints made about incidents of abuse and use of excessive force by Deputies and/or John and/or Jane Does A-Z. The decision by the Defendants, Mississippi Department of Corrections, South Mississippi Correctional Institution, Commissioner Christopher Epps, Superintendent Ron King, and Deputy Warden Joe Errington, to hire, retain and not discipline

these Deputies and/or John and/or Jane Does A-Z resulted in the creation of a hostile environment. As a direct and proximate consequence of the negligent hiring, retention, and failure to discipline or to take the necessary corrective action in the past, the aforementioned Defendants are liable for the death and corresponding deprivation of rights sustained by the Deceased, Trenis Readus.

<u>COUNT VI</u>

<u>FRAUDULANET MISREPRESENTATION AND SEPPRESSION</u>

42.

The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the following paragraphs.

43.

The Defendants, Mississippi Department of Corrections, South Mississippi Correctional Institution, Commissioner Christopher Epps, Superintendent Ron King, Chief Medical Officer Kentrell Liddell, M.D. and Wexford Health Sources, Inc., misrepresented to the Plaintiff, the media and the general public the cause of Trenis Readus death and/or fraudulently and intentionally concealed material information, concerning the abuse and excessive force used against the Deceased, Trenis Readus.

44.

The Defendants misrepresented to the Plaintiff, the media and general public that the Deceased, Trenis Readus, died from natural causes and that there were no signs of trauma to the Deceased, Trenis Readus.

45.

The Defendants actively suppressed and/or concealed from the Plaintiff, the media and general public that the Deceased, Trenis Readus, died from cerebrovascular accident of the cerebellar hemispheres and his head, neck and extremities showed signs of trauma.

46.

21

The Defendants knew these misrepresentations were false and made in furtherance of a conspiracy to cover-up, conceal and otherwise camouflage an existing pattern and continuing custom of the gross abuse and misuse of force at the South Mississippi Correctional Institution against detainees such as the Deceased, Trenis Readus.

47.

These misrepresentations were intentionally made in furtherance of a conspiracy by the Defendants in order to protect the South Mississippi Correctional Institution's American Correctional Association accreditation, to protect themselves from existing and potential lawsuits in Federal Court, to prevent possible repercussions concerning the existing U.S. District Court Consent Decree and to thwart or otherwise obstruct the ongoing investigation and concerns of the U.S. Department of Justice.

48.

As a direct and proximate consequence of the fraudulent misrepresentations and suppression of material information concerning the Deceased, Trenis Readus, the aforementioned Defendants are liable to the Plaintiffs for the death and corresponding deprivation of rights sustained by the Deceased, Trenis Readus.

<u>COUNT VII</u>

<u>PENDENT STATE OR SUPPLEMENTAL CLAIMS</u>

A. <u>BATTERY</u>

49.

The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

50.

After the Deceased, Trenis Readus, was taken into custody of the South Mississippi Correctional Institution, the Defendants' illegal and inappropriate abuse and/or use of

22

excessive force amounted to battery and the offensive contact was intended to cause harm to the Deceased, Trenis Readus, and to unnecessarily inflict pain and injury upon his body.

51.

As a direct and proximate consequence of the illegal and inappropriate abuse and/or use of excessive force inflicted upon the person of the Deceased, Trenis Readus, he was injured to such an extent that he ultimately died of his wounds. Thus, the Plaintiff, Mary Dandridge, individually and on behalf of all the wrongful death beneficiaries of the Deceased, Trenis Readus, is entitled to a money judgment against the Defendants, both known and unknown, jointly and severally, who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the illegal and inappropriate abuse and/or use of excessive force that was inflicted upon the Deceased, Trenis Readus.

B.  **ASSAULT**

52.

The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

53.

The events that give rise to this action that occurred on November 19, 2007, at the South Mississippi Correctional Institution created in the Deceased, Trenis Readus, as well as a reasonable apprehension that the Defendants and other unknown individuals acting independently and in concert with one another, were going to cause him to suffer or sustain immediate harmful or offensive contact to his person.

54.

As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the assault perpetrated upon the person of the Deceased, Trenis Readus. Thus, the Plaintiff, Mary Dandridge, individually and on behalf of all the wrongful death beneficiaries of

23

the Deceased, Trenis Readus, is entitled to a money judgment against the Defendants who engaged in, contributed to, or otherwise facilitated through their acts of omission or commission, the illegal assault that was inflicted upon the Deceased, Trenis Readus.

## C.  CIVIL CONSPIRACY

### 55.

The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

### 56.

On the date in question, the Defendants, acting in concert with one another, entered into an agreement, expressly or by implication through their joint participation in the injuries and death of the Deceased, Trenis Readus, to engage in conduct that was wrongful, intentional, willful, and wanton and designed to inflict upon the Deceased, Trenis Readus, certain harm, suffering and pain. The Defendants agreement to engage in such conduct was illegal and amounted to a civil conspiracy against the Deceased, Trenis Readus.

### 57.

As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiffs for the civil conspiracy to engage in conduct they knew or reasonably should have known was against the law and the public policy of this State when the same manifested itself against the interests of the Deceased, Trenis Readus. Thus, the Plaintiff, Mary Dandridge, individually and on behalf of all the wrongful death beneficiaries of the Deceased, Trenis Readus, is entitled to a money judgment against the Defendants who engaged in or contributed to, or otherwise facilitated through their acts of omission or commission, this civil conspiracy against the Deceased, Trenis Readus.

## D. THE COMMON LAW TORT OF OUTRAGE

### 58.

The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

### 59.

The Defendants' overall conduct on the date in question was so outrageous that it shocks the moral and legal conscience of the community. This outrageous conduct resulted in the injuries and death of the Deceased, Trenis Readus.

### 60.

As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for such outrageous conduct as the same resulted in the ultimate death of the Deceased, Trenis Readus. Thus, the Plaintiff, Mary Dandridge, individually and on behalf of all the wrongful death beneficiaries of the Deceased, Trenis Readus, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission, such outrageous conduct toward the Deceased, Trenis Readus.

## E. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### 61.

The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

### 62.

The Defendants' conduct was designed to not only inflict physical pain and suffering upon the Deceased, Trenis Readus, but also emotional and mental anguish and distress on the date in question. The manner, method and design of the Defendants' conduct caused the Deceased, Trenis Readus, to endure enormous emotional and mental distress and anguish.

25

63.

As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiffs for the intentional infliction of emotional distress and mental anguish inflicted upon the person of the Deceased, Trenis Readus. Thus, the Plaintiff, Mary Dandridge, individually and on behalf of all the wrongful death beneficiaries of the Deceased, Trenis Readus, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their own acts of omission or commission, such outrageous conduct perpetrated upon the Deceased, Trenis Readus.

### F.   BREACH OF THIRD PARTY BENEFICIARY CONTRACT

64.

The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

65.

The Defendant, the American Correctional Association (ACA), entered into a contract with the Mississippi Department of Corrections for the purpose of obtaining national accreditation of the South Mississippi Correctional Institute where the Deceased, Trenis Readus, was detained and injured. In exchange for a fee or monetary consideration that was paid by the Mississippi Department of Corrections, the ACA began an accreditation and evaluation process of the South Mississippi Correctional Institute in an effort to "improve conditions of confinement" through the establishment of proper training of jail staff, delivery of adequate medical services, proper detention techniques, understanding offender activity levels, standards, policies, procedures, evaluation, review and oversight. The primary goal for obtaining such accreditation was to "impact the life, safety, and health of inmates, as well as staff" of an accredited correctional facility. The Mississippi Department of Corrections was an ACA-accredited facility at the time the Plaintiff was detained and injured.

26

66.

The contractual agreement entered into by the ACA and the Mississippi Department of Corrections was specifically entered into for the purpose of improving the "conditions of confinement" of persons who may be detained at the South Mississippi Correctional Institution and to serve as a "defense against lawsuits." The Mississippi Department of Corrections created a third party beneficiary contractual relationship between the ACA and the South Mississippi Correctional Institution, i.e., those who may find themselves confined in the South Mississippi Correctional Institution and tax-paying citizens whose taxes may be adversely affected by the prosecution of lawsuits for acts that violate local, state, federal, and/or constitutional laws.

67.

The ACA breached its contract with the Mississippi Department of Corrections and its third party beneficiary, the Deceased, Trenis Readus, when it knew or reasonably should have known that the South Mississippi Correctional Institution was not operating pursuant to its mandated standards, policies and procedures. As a direct and proximate consequence of the ACA's breach of this third party beneficiary contract, the Deceased, Trenis Readus, was so severely injured on the date in question that he ultimately died from said injuries.

G. WRONGFUL DEATH

68.

The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

69.

The Defendants' conduct on the date in question, as set forth above, resulted in the wrongful death of the Deceased, Trenis Readus. As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, that resulted in the wrongful death of the Deceased, Trenis Readus, the Defendants are jointly and

27

severally liable to the Plaintiff for Trenis Readus' wrongful death. Thus, the Plaintiff, Mary Dandridge, individually and on behalf of all the wrongful death beneficiaries of the Deceased, Trenis Readus, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated, through their acts of omission or commission, the wrongful death of the Deceased, Trenis Readus.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Mary Dandridge, individually and on behalf of all the wrongful death beneficiaries of the Deceased, Trenis Readus, pray that upon the filing of this Complaint, that this Honorable Court would advance this case on the trial docket for a full and complete trial on the merits and upon the completion of the same enter a judgment granting the following relief:

a.      enter a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for the actual or compensatory and presumed damages sustained by the Deceased, Trenis Readus, and which survive his demise pursuant to 42 U.S.C. Sections 1983, 1985, 1986, 1988, the Fifth, the Eighth and Fourteenth Amendments to the Constitution of the United States of America and for the violation of numerous pendent or supplemental state claims arising out of the same set of facts form which the deprivation of civil, constitutional, and human rights arose for the deprivation of such constitutional rights, wrongful death, personal injury to his body, infliction of emotional distress, mental anguish, pain, suffering, degradation, humiliation, torture, loss of enjoyment of life, medical, funeral and/or burial expenses, loss of society and support, and any other injury or claim that may be discovered during the discovery process for which the law holds the Defendants liable and responsible in an amount to be determined by a jury;

b.      a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for punitive or exemplary damages, for the outrageous, willful, wanton and

intentional conduct that resulted in a gross or reckless disregard for the welfare, safety, rights, privileges, or immunities of the Deceased, Trenis Readus, in an amount to be determined by the jury.

c.      a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for the Plaintiff's reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988, all costs of this action and related litigation expenses and expert fees;

d.      a judgment for such other relief, general or specific, as the Court may deem appropriate, just and equitable in the premises.

RESPECTFULLY SUBMITTED, this the 21st day of October, 2008.

> MARY DANDRIDGE, INDIVIDUALLY, AND ON BEHALF OF ALL WRONG DEATH BENEFICIARIES OF THE DECEASED, TRENIS READUS
>
> Deborah J. Gambrell (MSB #4404)

GAMBRELL LAW FIRM, PLLC
DEBORAH J. GAMBRELL (MSB #4404)
ANDREANA L. GAMBRELL (MSB #101932)
713 Ronie Street
Hattiesburg, Mississippi  39401
Telephone: (601) 583-9401
Facsimile: (601) 583-6119