IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MARY DANDRIDGE,** *mother and next friend, and on behalf of all wrongful death beneficiaries of Trenis Readus, deceased*      **PLAINTIFF**

V.      CIVIL ACTION NO. 2:08cv229-KS-MTP

**STATE OF MISSISSIPPI,** *et al.*      **DEFENDANTS**

## ORDER

THIS MATTER is before the court on the Motion [51] to Strike Plaintiff's Amended Complaint filed by the State of Mississippi, Mississippi Department of Corrections, Christopher Epps, Ken North, Joe Errington, Jesse Smith, Ronald King, Johnnie Denmark and Dr. Kentrell Liddell (the "Moving Defendants"). The court having considered the Motion finds that it should be DENIED.

Plaintiff filed her original Complaint [1] on October 21, 2008. The Moving Defendants filed their Answers [4][10] to the Complaint on November 26, 2008 and December 23, 2008. Plaintiff filed an Amended Complaint [39] on July 30, 2009. The Moving Defendants argue that Plaintiff's Amended Complaint [39] should be stricken because she filed it after the Moving Defendants answered the Complaint [1], and did so without seeking leave of court or obtaining written consent of all parties as required by Federal Rule of Civil Procedure 15(a)(2).

In opposition to the Motion to Strike, Plaintiff argues that her Amended Complaint does not assert any new claims, but merely replaces the John and Jane Doe Defendants with the correct names of the parties that could not be identified at the time she filed the original complaint. *See* Response [54]. Specifically, Plaintiff's Amended Complaint [39] names the following new Defendants: Brenda Sims, Kenneth Dixon, Chiquita Brown, Adrian Keys, Howard Everett, Monica

Malone, Paul Sharpe, and Edward Lee.[1]

Plaintiff states that she informed this court and counsel opposite during the initial case management conference that the original complaint would be amended to reflect the real names of the "John and Jane Does" when said names became identifiable through discovery. Plaintiff claims that the names did not become available until initial discovery was completed, approximately the time she filed her amended complaint.

Courts should "freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The Fifth Circuit has held that Rule 15(a) "evinces a bias in favor of granting leave to amend" and "severely restricts the judge's freedom." *Stearman v. City of Greenville, Texas,* 16 F.3d 1215, 3 (5th Cir. 1994) (internal citations and quotations omitted). Valid reasons to deny leave include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir. 1987) (quoting *Foreman v. Davis*, 371 U.S. 178, 182 (1962)). The court finds that no such reasons are present here.

Based on the submissions of the parties and the applicable law, the court finds that the Moving Defendants' Motion to Strike [51] should be denied, and Plaintiff's Amended Complaint shall be allowed. Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Defendants' Motion [51] to Strike Plaintiff's Amended Complaint is DENIED.

---

[1] Defendant James Brewer was named in the original complaint and the amended complaint, but has apparently never been served with process.

2. Plaintiff's Amended Complaint is deemed filed this date. The Defendants that are before the court shall file their answer to the Amended Complaint by November 20, 2009. The Defendants who have not yet been served with process shall answer the Amended Complaint in accordance with the Federal Rules of Civil Procedure.

SO ORDERED this the 5th day of November, 2009.

    s/ Michael T. Parker
    United States Magistrate Judge