IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MARY DANDRIDGE MOTHER AND
NEXT FRIEND, AND ON BEHALF OF ALL
WRONGFUL DEATH BENEFICIARIES
OF TRENIS READUS, DECEASED                                    PLAINTIFF

VERSUS                                  CIVIL ACTION NO. 2:08cv229KS-MTP

STATE OF MISSISSIPPI, ET AL                                   DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion to Dismiss or in the Alternative, for Summary Judgment **[#35]**, filed on behalf of the defendants State of Mississippi, Mississippi Department of Corrections, and Christopher Epps, in his official and individual capacities. The court, having reviewed the motion, the briefs of counsel, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion to dismiss is well taken and should be granted. The court specifically finds as follows:

**FACTUAL BACKGROUND**

The plaintiff, Mary Dandridge, is pursuing claims arising out of the death of her son, Trenis Readus, which death is alleged to have resulted from Readus' incarceration at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi. More specifically, the plaintiff alleges that, during late October 2007, having been incarcerated at SMCI since June 2003, Readus was subjected to an unjustified beating at the hands

of employees of SMCI, which beating led to Readus' transportation to the Greene County Hospital and later being flown to Forrest General Hospital in Hattiesburg. The plaintiff alleges that Readus was not allowed to undergo life saving procedures because of the refusal of Chief Medical Officer, Kentrell Liddell, M.D. resulting in allegedly inadequate medical care, ultimately causing Readus' death.

The plaintiff filed this action against numerous defendants, including the moving defendants. Most of the defendants are employees of the State of Mississippi or the third-party medical services providers hired by the State to provide medical services at SMCI. The plaintiff's original Complaint alleges that Readus was deprived of his constitutional rights by all of the defendants (Counts I-III of the Complaint) and that the deputies who allegedly assaulted him were not properly trained or supervised by certain defendants (Count IV of the Complaint).

The plaintiff also alleges, with respect to some of the defendants, that the deputies whose conduct is in question were negligently hired and retained and were not properly disciplined (Count V of the Complaint); and that some of the defendants made false public statements regarding the circumstances surrounding Readus' death (Count VI), battered the Deceased (Count VII.A.), assaulted the Deceased (Count VII.B.), conspired to cause the beating death of the Deceased (Count VII.C.), committed the common law tort of outrage by their involvement in the beating death of the Deceased (Count VII.D.), and intentionally inflicted emotional distress upon the Deceased (Count VII.E.). The plaintiff filed an Amended Complaint on July 30, 2009, asserting the same allegations of the original Complaint but specifically naming several of the previously unidentified John Doe defendants. The Amended Complaint also incorrectly contains

allegations relating to a defendant previously dismissed by the court, American Correctional Association.

The moving defendants assert that the all of the moving defendants are exempt from suit in this forum pursuant to Eleventh Amendment Immunity; that the Mississippi Department of Corrections ("MDOC") is not subject to suit under 42 U.S.C. § 1983 nor is Christopher Epps in his capacity as Commissioner of MDOC; and that Christopher Epps is entitled to qualified immunity in his individual capacity. The plaintiff was given an extension of time to respond to the pending motion and allowed to conduct discovery on the issues presented.

## **STANDARD OF REVIEW**

The defendants have moved the court to dismiss this matter as to the allegations leveled against them under Rule 12(b)(6) for failure of the plaintiff to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can

prove no set of facts in support of his claim which would entitle him to relief.'"[1]  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted).  *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____ , _____ , 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted).  Of course, if any matters outside the complaint are considered, the motion is converted to one for summary judgment.  *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

The defendants have moved in the alternative for summary judgment.  If any matters outside the complaint and attached pleadings are considered, the motion is converted to one for summary judgment.  Regarding such conversion, Rule 12(b) provides specifically;

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Thus, "[t]he element that triggers the conversion is a challenge to the sufficiency of the pleader's claim supported by extra-pleading material.  It is not relevant how the

---

[1] Even where the plaintiff fails to respond to the motion, as here, the court is required to view the facts in the light most favorable to her.

defense is actually denominated." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1366 at 485 (1990). The parties have participated in initial discovery and have briefed the issue of summary judgment.

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law

will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the

nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## **ANALYSIS**

In the Complaint, the plaintiff alleges in Counts I-III that she and other beneficiaries of the estate of Readus are entitled to damages as a result of the defendants' alleged violations of 42 U.S.C. §1983 (deprivation of the Deceased's constitutional rights), 42 U.S.C. § 1985 (conspiracy to deprive the Deceased of his constitutional rights) and 42 U.S.C. § 1986 (failure to prevent such conspiracy).

The plaintiff asserts that Trenis Readus was deprived of his Fifth, Eighth, and

Fourteenth Amendment rights, all allegedly in violation of 42 U.S.C. § 1983.[2]  As a prerequisite to maintaining a Section 1983 claim, the plaintiff must establish, the following: (a) that the defendants were acting under color of state law, and  (b) that while acting under color or state law, the defendants violated rights of the decedent that are protected by the United States Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535; 101 S.Ct. 1908, 1912; 68 L.Ed.2d 420 (1981); *Augustine v. Doe*, 740 F.2d 322, 324 (5th Cir. 1984).

The moving defendants argue that the State of Mississippi and its entities are not amenable to suit under §1983 in either state or federal court.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Section 1983 provides, in pertinent part:

> Every person who, under the color of any statute, ordinance, regulation, custom or usage of any State or territory or the District of Columbia, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. §1983.

Neither states nor officials of the state sued in their official capacity are amenable to suit under 42 U.S.C. § 1983 because they are not considered

---

[2] . "The Fifth Amendment applies only to the actions of the federal government, and not to the actions of a [state or] municipal government . . . ."  *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996)*(*quoting *Richard v. Henson*, 70 F.3d 415, 416 (5th Cir. 1995)).  There are no claims asserted against any federal agency or entity in the plaintiff's Complaint.  Therefore, any claims the plaintiff is making for alleged due process violations under the Fifth Amendment against the named defendants were previously dismissed.

"persons" within the meaning of the statute. "We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. at 71. The *Will* Court went on to state;

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, (citation omitted), or unless Congress has exercised its undoubted power under §5 of the Fourteenth Amendment to override that immunity.

491 U.S. at 66.

"The Eleventh Amendment prohibits the citizens from bringing suit against the state unless the state waives its immunity." *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996)(*quoting Ex Parte Young*, 209 U.S. 123, 149, 28 S. Ct. 441, 449-50, 52 L. Ed. 714, 725 (1908)). The Eleventh Amendment to the United States Constitution provides;

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

While the language of the Amendment does not specifically address suits against the State by its own citizens, the Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

Further, "[i]t is also well established that even though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment." *Id.* "Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman*, 415 U.S. at 663. Additionally, the "jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

"The Eleventh Amendment bars a suit against state officials when the 'state is the real, substantial party in interest.'" *Pennhurst*, 465 U.S. at 101 (other citations omitted). "Federal claims against state employees in their official capacities are the equivalent of suits against the state." *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996)*(quoting Monell v. New York City Department of Social Services*, 436 U.S. 658, 690, note 55, 98 S. Ct. 2018, (1978)). As the Supreme Court pointed out in *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945);

> [W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.

323 U.S. at 464.

The defendants also argue that immunity granted to the State extends to a state agency or department and cannot be avoided by suing an arm of the state or a state

agency.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).  Additionally, the Eleventh Amendment precludes suits in federal court against state officials named in their official capacities because such suits are essentially claims against the State.  "Thus, '[t]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.'" *Pennhurst,* 465 U.S. at 101 (*citing, Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963)(*per curiam*)).  "And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against the State is barred regardless of whether it seeks damages or injunctive relief."  *Pennhurst*, 465 U.S. at 101-102, (*citing, Cory v. White*, 457 U.S. 85, 91, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982)).

"[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.  A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment."  *Pennhurst*, 465 U.S. at 121.  "It may be that applying the Eleventh Amendment to pendent claims results in federal claims being brought in state court, or in bifurcation of claims.  That is not uncommon in this area.  Under *Edelman v. Jordan, supra*, a suit against state officials for retroactive monetary relief, whether based on federal or state law, must be brought in state court."  *Pennhurst,* 465 at 122.

The Fifth Circuit has held that whether an agency can be determined to be

-11-

an appropriate entity which may take advantage of the grant of immunity set forth in the Eleventh Amendment "turns on the entity's (1) status under state statutes and case law, (2) funding, (3) local autonomy, (4) concern with local or state wide problems, (5) ability to sue in its own name, and (6) right to hold and use property." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999). Further, "the most significant factor in assessing an entity's status is whether a judgment against it will be paid with state funds." *Id.* at 314, (*quoting McDonald v. Board of Mississippi Levy Commissioners*, 832 F.2d 901, 907 (5th Cir. 1987)).

The plaintiff has conceded the Eleventh Amendment issues of the Motions and thus the MDOC, as an arm of the State of Mississippi is subject to Eleventh Amendment immunity even beyond its lack of standing as a "person" as defined in § 1983. Therefore, the court finds that the State of Mississippi, the Mississippi Department of Corrections and Christopher Epps in is official capacity are entitled to dismissal.

**<u>Qualified Immunity</u>**

Defendant Christopher Epps also asserts that he is entitled to qualified immunity in his individual capacity. The Fifth Circuit has held that "government officials performing discretionary functions are protected from civil liability under the doctrine of qualified immunity if their conduct violates no 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Sorenson v. Ferrie, 134 F.3d 325,

327 (5th Cir. 1998)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982)).

The U.S. Supreme Court in *Seigert v. Gilley*, 500 U.S. 226, 111 S. Ct. 1789, 1793, 114 L. Ed. 277 (1991) clarified the test for the applicability of qualified immunity in holding that "a court must decide if the plaintiff alleged a violation of a clearly established constitutional right. Only if such an allegation is found, must the court then decide whether the public official's actions could reasonably have been thought consistent with the constitutional right." Under the two step analysis employed by the Fifth Circuit in reviewing claims wherein qualified immunity has been asserted, the Court must first determine "whether the plaintiff has asserted the violation of a clearly established constitutional right. If so, the court decides whether the defendant's conduct was objectively reasonable." *Sorenson*, 134 F.3d at 327 *(quoting Coleman v. Houston Indep. Sch. Dist.,* 113 F.3d 528, 533 (5th Cir. 1997)(applying the two-prong test of *Siegert v. Gilley*, 500 U.S. 226, 231-32, 111 S. Ct. 1789, 1792-93, 114 L. Ed. 2d 277 (1991)). The first step "is subdivided into three questions: (1) whether a constitutional violation is alleged; (2) whether the law regarding the alleged violation was clearly established at the time of the alleged violation; and (3) whether the record shows that a violation occurred." *Dudley v. Angel*, 209 F.3d 460, 462 *(quoting Kerr v.Lyford,* 171 F.3d 330, 339 (5th Cir. 1999)*(citing Rich v. Dollar*, 841 F.2d 1558, 1563 (11th Cir. 1988)).

The Fifth Circuit in *Wicks v Mississippi State Employment Servs.*, 41 F. 3d 991, 994-95 (5th Cir. 1995), held that there is a heightened pleading requirement when a defendant asserts qualified immunity whereby a plaintiff must allege particular facts forming the basis of his or her claim, including those facts preventing the defendant

-13-

from successfully maintaining a qualified immunity defense. To overcome the qualified immunity defense, a plaintiff must allege specific facts that, if proven, would show that the defendant violated clearly established statutory or constitutional rights. *Wicks*, 41 F.3d at 995. The Court in *Wicks* emphasized further that heightened pleading demands more than "bald allegations and conclusory statements", and that a plaintiff must allege "facts specifically focusing" on the conduct of the defendant that supposedly caused the plaintiff's injury. *Id.* Here, in response to the motion for qualified immunity, the plaintiff has not even responded.

The qualified immunity shielding this state official/defendant is an immunity from suit as well as liability. *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993). Furthermore, in order for this veil of immunity to be pierced, the plaintiff must not only show that defendant Epps violated a clearly established constitutional right of the plaintiff, but that a reasonable official in defendant Epps' situation would have understood that his conduct violated that right. *Brewer*, 3 F.3d at 820.

There is no conduct on the part of defendant Epps to even analyze as the plaintiff has failed to articulate any conduct by Epps. She has only made conclusory allegations regarding an alleged policy of beating prisoners to keep them in line. There is absolutely no evidence to support this contention.

Defendant Epps was apparently sued only because of his role as Commissioner of MDOC. The plaintiff is charged with the requirement of showing that the individual official was either personally involved in the deprivation of that the official's wrongful actions were causally connected to the deprivation. *See James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). "[P]ersonal involvement is an essential element of a

civil rights action." *Thompson v. Steele*, 709 F2d 381 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983). Epps must have either actively participated in the acts complained of, or himself implemented unconstitutional policies that resulted in the alleged injuries. *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

In the instant case, the plaintiff has clearly failed to plead factually specific allegations against defendant Epps, or to offer any proof to support her claims. The Amended Complaint contains no allegations that defendant Epps was personally involved in the alleged constitutional violations but merely states defendant Epps is responsible to the plaintiff for personal injuries and damages which serves as a "bald allegation and conclusory statement" that fails to meet the heightened pleading standard to defeat the qualified immunity defense.

The plaintiff's allegations are general in nature. Considering these allegations to be true, it is inconceivable that Epps violated any rights of the plaintiff. The allegations contained in the plaintiff's Amended Complaint are speculative, conclusory and clearly not supported by any factual and legal basis as required to overcome Epps' qualified immunity defense.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss or for Summary Judgment **[#35]** filed on behalf of the defendants State of Mississippi, Mississippi Department of Corrections, and Christopher Epps, in his official and individual capacities is granted and the plaintiff's Complaint is dismissed with prejudice as to all of these defendants. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 14th day of December, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE